UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA BAHENA,

       Plaintiff,

v.                                                                Case No.  8:07-cv-1057-T-24 MSS

AMERICAN VOYAGER INDEMNITY
INSURANCE COMPANY,

       Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses Numbered 6 and 7.  (Doc. No. 7).

**I.  Background**

In her complaint, Plaintiff alleges that Defendant breached an insurance contract that covered physical damage to Plaintiff's property that occurred from hurricanes in 2004.  In response, Defendant asserted affirmative defenses, including: (1) Number Six - that Plaintiff's claims are limited to the terms of the policy, and (2) Number Seven - Plaintiff's claims relate to property not covered under the terms of the insurance contract.  In the instant motion, Plaintiff requests that the Court strike Defendant's sixth and seventh affirmative defenses.

**II.  Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v.

Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).  An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

## III.  Motion to Strike

Plaintiff moves to strike Defendant's sixth and seventh affirmative defenses, arguing that they are not affirmative defenses and that they are conclusory, bare-bones allegations that fail to give Plaintiff notice of the policy provisions or factual allegations giving rise to the defenses. Plaintiff cites Meridian of Palm Beach Condominium Association, Inc. v. QBE Ins. Corp., 2007 WL 1364334 (S.D. Fla. May 8, 2007), in support of her argument.

While Defendant's sixth and seventh affirmative defenses appear to be denials of Plaintiff's claim, rather than true affirmative defenses, the Court finds that there is no prejudice to Plaintiff by allowing them to remain.  The Court encourages the parties to be cognizant of the Court's limited judicial resources and discourages the parties from filing motions that do not affect the outcome of the case and appear to have no other purpose than to generate attorneys'

fees or burden opposing counsel with responding to an unnecessary motion.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Strike

Defendant's Affirmative Defenses Numbered 6 and 7 (Doc. No. 7) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of July, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record