UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA BAHENA,

    Plaintiff,

v.                                     Case No. 8:07-cv-1057-T-24 MSS

AMERICAN VOYAGER INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Compel Arbitration. (Doc. No. 30). Plaintiff opposes the motion. (Doc. No. 42).

**I. Background**

On May 27, 2007, Plaintiff filed suit against Defendant for breach of an insurance contract issued by Defendant. Specifically, Plaintiff contends that her mobile home that was covered by the insurance contract was damaged by three hurricanes that occurred in 2004, but Defendant has failed to pay amounts due under the insurance contract.

Approximately nine months after the case was filed, Defendant filed the instant motion to compel arbitration. The basis for the motion is as follows: In May of 1996, Plaintiff obtained financing for the purchase of the mobile home. (Doc. No. 30, Ex. A). The retail installment contract and security agreement ("Financing Agreement"), which was assigned from the seller of the mobile home to Green Tree Financial Servicing Corporation ("Green Tree"), contained an arbitration clause that stated the following:

> All disputes, claims or controversies arising from or relating to this Contract or the parties thereto shall be resolved by binding arbitration[.] . . . The parties agree

> and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this Contract.

(Doc. No. 30, Ex. A).  The Financing Agreement required Plaintiff to keep the mobile home insured and to name Green Tree (due to the assignment) as the loss payee.  (Doc. No. 30, Ex. A).  Defendant issued the insurance policy at issue in this case, which covered the period of 2003 through 2006.  (Doc. No. 30, Ex. B).  As a result, Defendant contends that since the Financing Agreement required Plaintiff to obtain insurance coverage, which Defendant provided and is at issue in this case, any suit regarding the insurance coverage had to be arbitrated pursuant to the arbitration provision of the Financing Agreement despite the fact that Defendant was not a signatory to the Financing Agreement.

## II.  Motion to Compel Arbitration

While arbitration is a contractual right, the lack of a written arbitration agreement between the parties is not always an impediment to compelling arbitration.  See MS Dealer Service Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999).  The court in MS Dealer explained the limited exceptions to the rule requiring a written arbitration agreement:

> [T]here are certain limited exceptions, such as equitable estoppel, that allow nonsignatories to a contract to compel arbitration.  A second exception exists when, under agency or related principles, the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided.  A third exception arises when the parties to a contract together agree, upon formation of their agreement, to confer certain benefits thereunder upon a third party, affording that third party rights of action against them under the contract. . . .
>
> Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances.  First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting [its] claims against

>the nonsignatory. When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise[ ] out of and relate[ ] directly to the [written] agreement, and arbitration is appropriate. Second, application of equitable estoppel is warranted . . . when the signatory [to the contract containing the arbitration clause] raises allegations of . . . substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise, the arbitration proceedings [between the two signatories] would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

Id. (internal citations and quotation marks omitted).

Defendant contends that this case falls within one of the limited exceptions described above. Specifically, Defendant argues that since the Financing Agreement required Plaintiff to obtain the insurance coverage that Defendant provided, any suit regarding the insurance coverage had to be arbitrated pursuant to the arbitration provision of the Financing Agreement. The Court disagrees.

To begin with, equitable estoppel does not apply. The first scenario in which equitable estoppel applies is when the signatory to a written agreement containing an arbitration clause (Plaintiff) must rely on the terms of the written agreement (the Financing Agreement) in asserting her claims against the nonsignatory (Defendant). Such is not the situation in the instant case. Plaintiff does not rely on any of the terms of the Financing Agreement in order to assert her breach of contract claim against Defendant. Plaintiff's claim is independent of the Financing Agreement and would exist in the absence of such an agreement.

The second scenario in which equitable estoppel applies is when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the

contract. This exception is also inapplicable, because Plaintiff has not alleged misconduct by Defendant and the signatory to the Financing Agreement (the seller of the mobile home).[1]

"'Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that the contract imposes.'" <u>Chastain v. Union Security Life Ins. Co.</u>, 502 F. Supp.2d 1072, 1077 (C.D. Cal. 2007)(quoting <u>Comer v. Micor, Inc.</u>, 436 F.3d 1098, 1101 (9th Cir. 2006)). Such is not the situation in this case, since Plaintiff's claim does not depend on the existence of the Financing Agreement. Accordingly, equitable estoppel does not provide a basis for Defendant to compel arbitration of Plaintiff's breach of contract claim. <u>See</u>, <u>e.g.</u>, <u>Chastain</u>, 502 F. Supp.2d at 1078-80 (rejecting the defendant insurance company's argument that equitable estoppel applied, and therefore, the non-signatory defendant could compel the plaintiff to arbitrate his breach of insurance contract claims simply because the plaintiff purchased the insurance policies through his credit cards, the credit cards contained an arbitration agreement, and the insurance policy covered the plaintiff's minimum monthly payments due on those credit cards if the plaintiff became disabled); <u>Brantley v. Republic Mortgage Ins. Co.</u>, 424 F.3d 392, 396 (4th Cir. 2005)(rejecting the defendant insurance company's argument that equitable estoppel applied, and therefore, the non-signatory defendant could compel the plaintiffs to arbitrate their statutory Fair Credit Reporting Act claims simply because the plaintiffs entered into a mortgage transaction that required them to obtain mortgage insurance, the plaintiffs' claims related to the provision of such insurance, and the mortgage transaction included an arbitration agreement between the plaintiffs and the lender).

---

[1] The Court notes that Green Tree did not sign the Financing Agreement. However, even if Green Tree had signed the Financing Agreement, it would make no difference, because Plaintiff has not alleged misconduct by Green Tree and Defendant.

Likewise, third-party beneficiary status does not provide a basis for Defendant to compel arbitration, because Defendant is not a third-party beneficiary of the Financing Agreement. Finally, the Court finds that the relationship between the signatory party to the Financing Agreement (the seller of the mobile home) and Defendant is not sufficiently close that only by permitting Defendant to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided. Even accepting Defendant's argument that the Court should look at the relationship between it and Green Tree, the Court still concludes that their relationship is not sufficiently close such that arbitration is required.

The Court notes that Defendant has cited cases in which non-signatories have been able to compel arbitration. However, those cases would be more relevant if Green Tree were attempting to compel arbitration. Such is not the case, because Green Tree is not a party in this lawsuit.

### III. Conclusion

Accordingly the Court finds that Defendant is not entitled to invoke the arbitration provision in the Financing Agreement. Therefore, it is ORDERED AND ADJUDGED that Defendant's Motion to Compel Arbitration (Doc. No. 30) is **DENIED**. Defendant's request for oral argument (Doc. No. 36) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of March, 2008.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge