UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA BAHENA,

        Plaintiff,

v.                                                          Case No. 8:07-cv-1057-T-24 MSS

AMERICAN VOYAGER INDEMNITY
INSURANCE COMPANY,

        Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Stay Proceedings Pending Appeal of Court's Denial of Motion to Compel Arbitration. (Doc. No. 53). Plaintiff opposes the motion. (Doc. No. 53).

On March 19, 2008, this Court denied Defendant's motion to compel arbitration. (Doc. No. 46). Thereafter, Defendant appealed this Court's order denying the motion to compel arbitration. (Doc. No. 50, 51). Defendant now moves to stay this case pending the appeal.

This Court should stay this case pending appeal only if the appeal is not frivolous. See Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249 (11th Cir. 2004). In the order being appealed, this Court found that Defendant could not compel arbitration based on a contract that contained an arbitration provision that was entered into by the seller of a mobile home and Plaintiff. The contract stated that Plaintiff must obtain insurance for the mobile home, and for a period of time, Plaintiff obtained that insurance from Defendant. Based on the contract between the seller and Plaintiff, Defendant contends that it can compel Plaintiff to arbitrate her insurance claim. The Court rejected this argument, and the Court finds Defendant's appeal to be frivolous.

The Court notes that when arguing that this appeal is not frivolous, Defendant concedes that the existing case law does not support its position. (Doc. No. 53, p. 3). Furthermore, it is interesting that Defendant did not want to consent to binding arbitration at the beginning of this case when filling out the case management report (Doc. No. 10, p. 7), yet now, after litigating this case for more than nine months in this Court, Defendant seeks an order compelling arbitration.

While Defendant contends that it just learned about the existence of the arbitration provision, such a statement appears to undermine Defendant's argument that Plaintiff should be compelled to arbitrate because Defendant's interests are closely intertwined with the contract that contained the arbitration provision. One could argue that if Defendant's interests were so closely intertwined, Defendant would have been aware of the arbitration provision.

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Stay Proceedings Pending Appeal of Court's Denial of Motion to Compel Arbitration (Doc. No. 53) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of March, 2008.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

2